UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE ALEXIS                                    CIVIL ACTION

VERSUS                                          NO. 24-2512

PRAIRIE FARMS DAIRY,                            SECTION: "J"(3)
INC. ET AL.

**ORDER AND REASONS**

Before the Court are a *Partial Motion to Dismiss* **(Rec. Doc. 8)**, filed by

Defendants Prairie Farms Dairy, Inc. and East Side Jersey Dairy, Inc., and an

opposition filed by Plaintiff Bruce Alexis (Rec. Doc. 12), to which Defendants reply

(Rec. Doc. 15). Having considered the motions and legal memoranda, the record, and

the applicable law, the Court finds that the motion should be **GRANTED IN PART**

and **DENIED IN PART**. Additionally, Plaintiff should be granted leave to amend his

complaint for the reasons stated herein.

**FACTS AND PROCEDURAL BACKGROUND**

This case arises out of the termination of Plaintiff Bruce Alexis's employment

as a delivery driver for Defendants Prairie Farms Dairy, Inc. and East Side Jersey

Dairy, Inc. Plaintiff was hired by Defendants' employee Josh Davidson, but reported

directly to Keenan Millet at the Kenner, Louisiana distribution branch. Also

employed at the Kenner branch was A.J. Mennes, who was not Plaintiff's supervisor

but was observed to be close friends with Millet. Plaintiff is Black; both Millet and

Mennes are White.

Approximately seven months after the beginning of his employment, in May

1

2023, Plaintiff and four other Black delivery drivers were referred to by Mennes as "black boys" and "n---ers". That morning, Mennes allegedly stared at the drivers and, in response to a question regarding his behavior, told the group, "I'm looking at five black boys surrounding me." (Rec. Doc. 1-1 at 24 ¶ 17). After more time had passed and Mennes still had not begun his work, Mennes told the group, "I'm waiting for you n---ers to leave." *Id*. The following day Plaintiff confronted Mennes regarding the incident, stating that he had been "offended" and telling him "not to do it again." *Id*. at 24 ¶ 18.

Plaintiff contends his confrontation precipitated his firing, nearly a month later. From that time, Plaintiff found his supervisor, Millet, to treat him differently. As examples, Plaintiff states Millet was unresponsive when asked for punch cards and wrote Plaintiff up for a delivery Millet confirmed Plaintiff actually had made.

On July 3, 2023, Millet called a meeting with Plaintiff, Mennes, and another delivery driver for the purpose of firing Plaintiff. As the stated reasons for the termination, Millet provided examples of failure to clock in, poor performance, and a write-up. When Plaintiff protested that his special, out-of-state assignments indicated good performance, Millet additionally stated upper-manager Josh Davidson wanted Plaintiff fired. In a subsequent phone call with Plaintiff, Davidson denied knowledge of the meeting and any desire to terminate his employment.

At the meeting Millet also referenced Plaintiff's absence at an earlier meeting announcing Mennes's promotion to supervisor. Plaintiff denied knowledge of the meeting and further indicated his discomfort with Mennes's new role, relaying to

Millet the story of Mennes's racially abusive comments. After Mennes's denial, Plaintiff called the other four witnesses of the incident, who corroborated Plaintiff's telling. Plaintiff described Millet and Mennes "look[ing] flabbergasted." *Id.* at 26 ¶ 22. A human resources representative later confirmed the company's decision to terminate Plaintiff's employment.

After filing a discrimination charge with the Equal Employment Opportunity Commission and receiving his "right to sue" letter, Plaintiff brought this action in Louisiana state court. Defendants removed the action pursuant to federal question jurisdiction of 28 U.S.C. § 1331. Plaintiff brings claims of racial discrimination and retaliation under 42 U.S.C. § 1981 and the Louisiana Employment Discrimination Law ("LEDL"), conspiracy under Louisiana Revised Statute § 51:2256, sex discrimination under the LEDL, unlawful racial discharge under Title VII and 42 U.S.C. § 1981, and unlawful hostile work environment based on race and sex under Title VII and 42 U.S.C. § 1981. In his opposition to Defendants' Motion to Dismiss, Plaintiff abandons his sex-based claims, leaving only the race-based ones.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

<u>DISCUSSION</u>

### I.    Pleading of Conspiracy

Defendants seek the dismissal of Plaintiff's conspiracy claim. In reference to the LEDL, the Louisiana Commission on Human Rights Act ("LCHRA") makes it unlawful for an employer to conspire to retaliate or discriminate against employees based on race. *See* La. Stat. Ann. § 51:2256(1). In this context, a conspiracy is "an agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective, and action or conduct that furthers the agreement; a combination for an unlawful purpose." *DeJean v. Jefferson Par. Sheriff Off.*, No. 22-165, 2024 WL 4188465, at *6 (E.D. La. Sept. 13, 2024) (citation omitted).

Stressing the requirement of an agreement, Defendants argue Plaintiff fails to plausibly plead facts to support the conspiracy claim. As Plaintiff only relayed Mennes's racially abusive comments to Millet at the July termination meeting, Defendants insist it would have been impossible for the two to conspire to fire

Plaintiff in retaliation for his reporting the incident. At most, Defendants contend the allegation that Millet began acting differently toward Plaintiff could support an inference that Millet knew Plaintiff confronted Mennes, not that Millet and Mennes conspired to unlawfully retaliate against Plaintiff.

Plaintiff, on the other hand, asserts that his inferential allegations are sufficient to plead the retaliatory conspiracy. Plaintiff points to the temporal proximity between Plaintiff's confrontation and his firing, Millet's changed behavior towards him, the shifting reasons for his termination—including Davidson's denial of knowledge or direction of Plaintiff's firing—and the failure to timely record the termination of his employment.

Although Plaintiff pleads more than others invoking the LCHRA, his current pleading fails to state a claim of conspiracy. Simply, an agreement to retaliate is not sufficiently alleged. Conveniently, the Supreme Court's standardization of plausibility pleadings arose in a civil conspiracy case. In *Twombly*, the Court held that "stating such a [conspiracy] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. In assessing the plausibility of such an agreement, the district court should find insufficient "an allegation of parallel conduct and a bare assertion of conspiracy." *Id.* Instead, probability at the pleading stage "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.*

In evaluation of this reasonable expectation of a preceding agreement to retaliate, most courts applying the LCHRA have found pleadings insufficient. As the

closest parallel to this case, the plaintiff in *Silby v. Parish of Jefferson* asserted a conspiracy by various supervisors led to disciplinary write-ups and a demotion in her role as a juvenile home detention supervisor. *Silby v. Par. of Jefferson*, No. 21-662, 2022 WL 3646071, at *1–4 (E.D. La. Aug. 24, 2022). The plaintiff argued that policy violations were fabricated, specifically an incident wherein she was alleged to be asleep while at work. She insisted the director participated in a retaliatory agreement not only because he signed off on the various disciplinary findings but also because he apparently was friends with her direct supervisor. *See id.* at *2. Neither the disciplinary write-ups nor the friendship was sufficient to plead a conspiracy claim: "Silby's argument that [Director] Juncker supported certain actions as a supervisor, even if she had included this as an allegation in her complaint, is not enough to infer a conspiracy." *Id.* at *7.

Other LCHRA decisions have similarly concluded that employment termination after a complaint to one member of a business structure does not thereby constitute a retaliatory conspiracy. *See Phelps v. Calumet Lubricants Co.*, No. 15-2625, 2016 WL 4497011 (W.D. La. Aug. 24, 2016) (firing of plaintiff because "she was not a good fit," three weeks after her complaint to company attorney about written warning and change of job duties); *Liner v. Terminix Pest Control, Inc.*, No. 22-3698, 2023 WL 8005008 (E.D. La. Nov. 17, 2023) (request for exception to COVID-19 vaccine requirement before termination); *DeJean v. Jefferson Par. Sheriff Off.*, No. 22-165, 2024 WL 4188465 (E.D. La. Sept. 13, 2024) (behavior complaints and internal investigation filed against deputy sheriff after deputy complained to supervisor of

racial discrimination). In *DeJean*, Judge Fallon dismissed the plaintiff's LCHRA claim at the summary judgment stage after denying the defendant's earlier motion to dismiss. *See DeJean v. Jefferson Parish Sheriff Office*, No. 22-165 (E.D. La. May 12, 2023), ECF No. 22. However, the ultimate dismissal alluded to the plaintiff's failure to sufficiently plead conspiracy: "Plaintiff cites multiple incidents of his co-workers and supervisors separately filing complaints against DeJean to prove a conspiracy to retaliate against him. However, Plaintiff has failed to provide any evidence that these actions were made pursuant to a common scheme to retaliate against him based on his race." *DeJean v. Jefferson Par. Sheriff Off.*, No. 22-165, 2024 WL 4188465, at *6 (E.D. La. Sept. 13, 2024). Judge Fallon then noted "[a]dditionally" that text messages disclosed during discovery did not otherwise present a disputed material fact as to the existence of a conspiracy. *Id.*

As currently pled, the Court cannot conclude that the pleading presents "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. Plaintiff has not indicated he relayed his confrontation of Mennes to Millet—or any other supervisor—before the July termination meeting. Plaintiff also states Millet "looked flabbergasted" after hearing of Mennes's racial abusive comments. (Rec. Doc. 1-1 at 26 ¶ 22). Such a reaction points to Millet's lack of knowledge of Mennes's behavior. Although the temporal proximity and shifting reasons for employment termination raise questions, the Court does not observe enough facts to raise a reasonable expectation that a retaliatory agreement was made between Mennes and Millet upon the allegations currently pled.

## II.    More Definitive Statement

Defendants also seek a more definitive statement in the pleading: "Plaintiff's lack of clarity forces Defendants and the Court to speculate about the remaining alleged causes of action and supporting factual allegations." (Rec. Doc. 8-1 at 8). A more definitive statement is warranted when "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGrif, Seibels & Williams, Inc.,* 235 F.R.D. 632, 633 (E.D. La. 2006) (citation omitted). In *Babcock,* this Court held that a complaint which gives parties adequate notice of a claim and provides a short and plain statement of the grounds upon which the plaintiff would be entitled to relief is sufficient to meet the pleading requirements under Rule 12(e) and Rule 8 of the Federal Rules of Civil Procedure.

Here such a requirement is met. Plaintiff gave a short and plain statement of why he is entitled to relief, and the grounds upon which he seeks such relief. Nothing more is required of him.

## III.    Opportunity to Amend

When granting a motion to dismiss, a district court should freely grant leave to amend the complaint unless amendment would be futile. *See, e.g.*, *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). Because the Court finds that Plaintiff's claims are inadequately pleaded but nevertheless possible, the Court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint and address the deficiencies identified herein.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Partial Motion to Dismiss* **(Rec. Doc. 8)** is **GRANTED IN PART**, as to the failure to state a conspiracy claim, and **DENIED IN PART**, as to the request for a more definitive statement.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, addressing the deficiencies identified herein, **no later than December 20, 2024**, or Plaintiff's claim under the Louisiana Commission on Human Rights Act, Louisiana Revised Statute § 51:2256, will be dismissed.

New Orleans, Louisiana, this 2nd day of December, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE