UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE ALEXIS                                                    CIVIL ACTION

VERSUS                                                          NO. 24-2512

PRAIRIE FARMS DAIRY,                                            SECTION: "J"(3)
INC. ET AL.

## ORDER AND REASONS

Before the Court are a *Partial Motion to Dismiss* **(Rec. Doc. 22)**, filed by Defendants Prairie Farms Dairy, Inc. and East Side Jersey Dairy, Inc., and an opposition filed by Plaintiff Bruce Alexis (Rec. Doc. 24), to which Defendants reply (Rec. Doc. 25). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

As previously detailed, this case arises out of the termination of Plaintiff Bruce Alexis's employment as a delivery driver for Defendants Prairie Farms Dairy, Inc. and East Side Jersey Dairy, Inc. Plaintiff reported to Keenan Millet at the Kenner, Louisiana distribution branch. A.J. Mennes also was employed at the Kenner branch and was observed to be close friends with Millet. Plaintiff is Black; both Millet and Mennes are White.

Approximately seven months after the beginning of his employment, in May of 2023, Plaintiff and four other Black delivery drivers were referred to by Mennes as "black boys" and "n---ers". (Rec. Doc. 21 at 5 ¶ 17). That morning, Mennes allegedly

1

stared at the drivers and, in response to a question regarding his behavior, told the group, "I'm looking at five black boys surrounding me." *Id*. After more time had passed and Mennes still had not begun his work, Mennes told the group, "I'm waiting for you n---ers to leave." *Id*. The following day Plaintiff confronted Mennes regarding the incident, stating that he had been "offended" and telling him "not to do it again." *Id*. at 5 ¶ 18.

Plaintiff contends his confrontation precipitated his firing, nearly a month later. As the stated reasons for the termination, Millet provided examples of failure to clock in, poor performance, and a disciplinary write-up. At the meeting Millet also referenced Plaintiff's absence at an earlier meeting announcing Mennes's promotion to supervisor. Plaintiff denied knowledge of the meeting and further indicated his discomfort with Mennes's new role, relaying to Millet the story of Mennes's racially abusive comments. After Mennes's denial, Plaintiff called the other four witnesses to the incident, who corroborated Plaintiff's telling. Plaintiff described Millet and Mennes "look[ing] flabbergasted." *Id*. at 7 ¶ 22. A human resources representative later confirmed the company's decision to terminate Plaintiff's employment.

In his original Complaint, Plaintiff brought various claims of racial and sexual discrimination under 42 U.S.C. § 1981, the Louisiana Employment Discrimination Law ("LEDL"), and the Louisiana Commission on Human Rights Act ("LCHRA"). In response to Defendants' previous Partial Motion to Dismiss, Plaintiff abandoned all sexual discrimination-based claims. Remaining are claims of racial discrimination under 42 U.S.C. § 1981, racial discrimination and retaliation under the LEDL and

the LCHRA, conspiracy under the LCHRA, and unlawful discharge and unlawful hostile work environment based on race under Title VII and 42 U.S.C. § 1981. *Id.* at 9–17 ¶¶ 31–61 (Second Amended Complaint).

Plaintiff's complaint amendment came at the direction of the Court. Specifically, in response to Defendants' initial Partial Motion to Dismiss, the Court found Plaintiff failed to state a conspiracy claim but provided the opportunity cure the noted absence of an agreement to retaliate. Defendants now move for dismissal of the conspiracy claim, again on Plaintiff's failure to sufficiently allege an agreement between Mennes and Millet to fire Plaintiff. Plaintiff opposes claim dismissal.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Parties debate whether an agreement to support a conspiracy claim is plausibly pled. The LCHRA makes it unlawful for an employer to conspire to retaliate or discriminate against employees based on race. *See* La. Stat. Ann. § 51:2256(1). In this context, a conspiracy is "an agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective, and action or conduct that furthers the agreement; a combination for an unlawful purpose." *DeJean v. Jefferson Par. Sheriff Off.*, No. 22-165, 2024 WL 4188465, at *6 (E.D. La. Sept. 13, 2024) (citation omitted).

At the pleading stage, a plaintiff must make a conspiracy claim "with enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. In assessing the plausibility of such an agreement, the district court should find insufficient "an allegation of parallel conduct and a bare assertion of conspiracy." *Id.* The sufficient measure, however, is less than a showing of probability. *Id.* Instead, plausibility at the pleading stage "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.*

In his amended complaint, Plaintiff more formally states that his supervisor, Millet, acted—and ultimately terminated Plaintiff's employment—"in accordance with his agreement with A.J. Mennes, his close longtime friend, to push Plaintiff out

4

of his employment." (Rec. Doc. 21 at 13 ¶ 49). The newly supplied allegations present a clearer picture of Millet and Mennes working in concert at Plaintiff's termination meeting. Plaintiff now specifically alleges Millet directly stated, "[T]hey told us to terminate you." In Plaintiff's previous complaints, the statement appeared as an unquoted meeting comment, providing a possible generalized meaning. Contextualizing the statement in the Second Amended Complaint, Plaintiff states the "us" was intended to refer to the decisionmakers in the room, including both Millet and Mennes. Thus, Plaintiff more clearly alleges Mennes to have a role in the termination decision.

From a picture of a more united front, the plausibility of an agreement between Millet and Mennes is further supported by previously made and substantially unchallenged complaint allegations. In this light, for instance, Millet's mention of Mennes's recent supervisory promotion carries greater weight, giving rise to an inference of Mennes's participation with Millet in the termination decision. Likewise, the pair's similar reactions to Plaintiff's pushback on the purported, shifting termination grounds could plausibly give support to an agreement between the two. It is yet unclear if an agreement between Millet and Mennes was confected—but clarity on the merits is not a question for the motion-to-dismiss stage of litigation. In the Second Amended Complaint, Plaintiff presents "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. Plausibly pled, the alleged conspiracy would benefit from discovery.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Partial Motion to Dismiss* **(Rec. Doc. 22)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of January, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE